## Forrest's Estate

586

Before Stearne, acting P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

*R. M. Remick*, of *Saul, Ewing, Remick & Saul; Walter C. Janney, Jr.*, and *Cuthbert H. Latta, Jr.*, of *MacCoy, Brittain, Evans & Lewis; Howard H. Yocum*, of *Biddle, Paul, Dawson & Yocum;* and *Pepper, Bodine, Stokes & Schoch*, for exceptants.

*J. Claude Bedford* and *Archbald & Busser*, contra.

KLEIN, J., July 19, 1940.—The election by the husband to take against the will has drastically disarranged testatrix's scheme of distribution. Equity requires us to reduce this disturbance to a minimum and to follow the plan of the will as closely as possible.

Under the will decedent's husband and brother are each entitled to one half of the income of the residuary estate for life, but the method of distributing the principal depends upon whether the husband or brother dies first. Since the brother actually predeceased the husband, the provisions which were to have become effective in the event the husband died first are inoperative and must be disregarded.

In the event of the prior death of the brother, the will provides for the distribution of principal upon two different dates. One fourth of the corpus of the residuary estate is to be paid at the death of the brother. From this share are to be paid the five pecuniary legacies of $5,000 each and the balance, if any, to the two charities entitled to the remainder. The income on the remaining three-fourths share of the estate is to be paid to the husband for life and the principal to be distributed at his

death. From this share the four pecuniary legacies of $5,000 each are to be paid and the balance to the same two charities in remainder.

Four sets of exceptions were filed by the pecuniary legatees, who have advanced several entirely different theories as to the manner in which the estate should be distributed. One of the exceptants takes the position that the election of the husband to take against the will is equivalent to his death and accelerates the remainders so that the entire estate must be distributed now. Another suggests that one half of the estate is presently distributable.

We are of the opinion that the auditing judge was correct in concluding that the election of the husband to take against the will cannot be regarded as equivalent to his death under the circumstances here existing. If this were done and either all or one half of the estate distributed at this time, it would work hardship on the two residuary legatees. They are entitled to the income which would normally go to the husband as long as he is alive. If the entire estate were presently distributed as is suggested, the pecuniary legatees who were to receive their legacies at the death of the husband would actually get more than the testator intended, for they would receive at once the full amount of their legacies, which they could invest and get, in addition, the income therefrom for the time between the actual receipt of the money and the date when, in accordance with the will, they would have received it.

The distribution directed in the adjudication of one fourth of the corpus of the residuary estate is in literal compliance with the provisions of the will. The further order to sequester the income on the remaining three-fourths share until the natural death of the husband is necessary to protect the interest of the residuary legatees. We think this plan of distribution is as close an approximation of the plan of the will as is possible to

achieve and is equally fair to both the pecuniary and residuary legatees.

We agree with the auditing judge that the present case is controlled by Lonergan's Estate, 303 Pa. 142 (1931). We think that what was said in that decision applies with equal force to the instant situation.

We are not unmindful of the fact that in Lonergan's Estate sufficient money was on hand to pay all the pecuniary legacies in full, whereas in the present case the one-fourth share now being distributed will be insufficient to pay the five pecuniary legatees the full amount of their legacies. We are, therefore, purposely refraining from deciding whether the unpaid balances of these pecuniary legacies will be recoverable, either with or without interest, at the death of the husband, when final distribution will be made.

The exceptions are, therefore, all dismissed and the adjudication confirmed absolutely.

LADNER, J., concurring.—In cases of this kind, where a spouse's election to take against the will upsets testator's plan by reducing the amount of his estate available to the beneficiaries named in his will, I think the time has come for a more practical and realistic solution of the problem than any which so far appears in the books.

The canon of construction which in ordinary cases preserves legacies at the expense of the residuary seems to me ought not be applied in this class of cases, because it all too frequently results in the reduction, if not the extinction, of the gifts to those who testator assumed would get the bulk of the estate.

Why should not other legacies (save specific), whether pecuniary or residuary, be equally reduced by the same proportion as that by which the spouse's election has reduced the entire estate?

I admit the lack of clear authority for this plan, though Lonergan's Estate, 303 Pa. 142, emphasizes the importance of seeking to do equity to all parties.

Since the auditing judge has correctly followed the authorities, I concur in the result, but write this opinion in the hope that our appellate courts may see fit to reexamine the question and advance to the logical conclusion the statements in their most recent cases, that equity to all parties should be the controlling rule. Or perhaps the profession might feel called upon to study the question with a view to corrective legislation.